UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LUDA CHRISTINE HAYWARD LEFORGE and DAVID LEFORGE, | ) ) ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 1:10-cv-0859-TWP-DML ) |
| BAC HOME LOANS SERVICING, L.P., | ) ) |
| Defendant. | ) ) |

### ENTRY ON MOTION TO DISMISS

This matter is before the Court on Defendant BAC Home Loans Servicing, L.P.'s ("BAC") Motion to Dismiss four of the six counts contained in Plaintiffs' Amended Complaint. On July 6, 2010, Christine LeForge filed suit against BAC, alleging violations of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act (Dkt. 1). On December 21, 2010, an Amended Complaint was filed, adding Mrs. LeForge's husband David LeForge as a plaintiff (for ease of reference, Mr. and Mrs. LeForge – both individually and collectively – are referred to as "Plaintiffs") and adding common law claims for defamation, invasion of privacy, wrongful use of civil proceedings, and intentional infliction of emotional distress (Dkt. 24). BAC has now moved the Court to dismiss those four recently-added claims. For the reasons set forth below, BAC's Motion to Dismiss Counts C through F (Dkt. 26) is **GRANTED**.

### I. LEGAL STANDARD

When reviewing a 12(b)(6) Motion, the Court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted). However, the allegations must "give the defendant fair notice of what the. . . claim is and the grounds upon which it rests" and the

"[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citations omitted). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations and internal quotations omitted). To be facially *plausible*, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

## II.  BACKGROUND

Only the facts relevant to this particular motion are included. On November 9, 2007, Plaintiffs executed a promissory note and mortgage in the amount of $89,320.00 to purchase a condominium and began making timely payments pursuant to the terms of the note. In November 2008, Plaintiffs moved to Florida for employment reasons, but continued making payments on the note. At some point, BAC acquired servicing rights to the note and mortgage. Soon thereafter, in a letter dated June 8, 2009, BAC notified Plaintiffs that it intended to initiate foreclosure proceedings because Plaintiffs were in default. According to Plaintiffs, this was a mistake, as they were not in default. The letter also notified Plaintiffs that they could use a "short sale" to avert foreclosure. After extensive negotiations, Plaintiffs agreed to dispose of the property by short sale and BAC agreed to accept the proceeds in satisfaction of the note. On January 6, 2010, the condo was sold for $55,533.

Even though this should have ended the matter, it did not. On April 22, 2010, BAC's counsel sent Plaintiffs a letter demanding a payment of $100,549.87 on the note. That same day, BAC filed a foreclosure lawsuit in Marion County. In response, Plaintiffs repeatedly attempted

2

to contact BAC and persuade it that the lawsuit was a mistake, but these pleas were initially futile. At one point, however, Plaintiffs spoke to David Tidwell in Executive Customer Relations, who confirmed that the loan had been discharged, the lawsuit should be dropped, and Plaintiffs' credit should be corrected.

In late May and early June, after receiving no indication that the lawsuit had actually been dismissed, Plaintiffs lodged complaints with the CEO of Bank of America and numerous public officials, including the Governors of Indiana and Florida. Finally, on June 25, 2010, BAC dropped the lawsuit *without prejudice*, stating "Plaintiff has agreed to work with borrower regarding the sale of the real estate at issue herein and no longer desires to pursue its legal rights and remedies hereunder." On June 28, 2010, the court dismissed the foreclosure lawsuit without prejudice. Additional facts are added below as needed.

### III.  DISCUSSION

BAC challenges four of Plaintiffs' causes of action: defamation, invasion of privacy, intentional infliction of emotional distress, and wrongful abuse of civil proceedings. Each is addressed in turn below.

**A.    Defamation and Invasion of Privacy (Counts C and E)**

Plaintiffs' defamation and invasion of privacy claims are both premised on statements BAC made as part of the state court foreclosure proceeding. This fact is fatal to both claims. The statement at issue is that Defendant alleged the Plaintiff had defaulted on a loan and owed BAC a large debt. "Indiana law has long recognized *an absolute privilege* that protects all relevant statements made in the course of a judicial proceeding, regardless of the truth or motive behind the statements." *Hartman v. Keri*, 883 N.E.2d 774, 777 (Ind. 2008) (emphasis added; citation

3

omitted). Thus, statements made by litigants in pleadings are immune from defamation claims if they are relevant and pertinent to the lawsuit, which is a question of law for the court. *Miller v. Reinert*, 839 N.E.2d 731, 735 (Ind. Ct. App. 2005) (citations omitted). This same rule applies to invasion of privacy claims, which are very similar to defamation claims. *Sullivan v. Conway*, 157 F.3d 1092, 1098-99 (7th Cir. 1998) (applying Illinois law; citations omitted).

Here, the statements at issue were contained in court filings and were certainly relevant to the subject matter of a foreclosure proceeding, even a baseless one. *See Miller*, 839 N.E.2d at 735 ("In determining what is relevant and pertinent, the courts favor a liberal rule. . .[a]n allegation to which privilege does not extend must be so palpably irrelevant to the subject matter of the controversy that no reasonable man can doubt its irrelevancy and impropriety.") (citations and internal quotations omitted); *see also Trotter v. Indiana Waste Systems, Inc.*, 632 N.E.2d 1159, 1162 (statements in lawsuit were absolutely privileged; "[i]t cannot be disputed that the claim of an interest in real estate obtained pursuant to an executed contract for its sale is relevant to a suit for specific performance of that contract."). Because BAC's statements are privileged, the Court **GRANTS** BAC's Motion to Dismiss with respect to Plaintiffs' claims for defamation and invasion of privacy.

**B.     Intentional Infliction of Emotional Distress ("IIED") (Count D)**

An IIED claim is actionable when a defendant engages in (1) extreme and outrageous conduct that (2) intentionally or recklessly (3) causes (4) severe emotional distress. *Creel v. I.C.E. & Associates, Inc.*, 771 N.E.2d 1276, 1282 (Ind. Ct. App. 2002) (citation omitted). The requirements of this tort are "rigorous" and "intent to harm emotionally constitutes the basis of this tort." *Id*. (citation omitted).

4

Here, the Court's analysis begins and ends with "extreme and outrageous" element. Indiana courts have held that IIED is found where "the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Curry v. Whitaker*, 943 N.E.2d 354, 361 (Ind. Ct. App. 2011) (citation omitted); *see also Conwell v. Beatty,* 667 N.E.2d 768, 777 (Ind. Ct. App.1996) (no outrageous conduct where a sheriff announced a deputy's arrest at a press conference and attempted to deny deputy his pension, even though he had no authority to do so); *Gable v. Curtis*, 673 N.E.2d 805, 807, 811 (Ind. Ct. App. 1996) (no outrageous conduct where a contractor's wife telephoned a purchaser seven times in one hour, screaming and threatening to repossess the home and to come over, and stating repeatedly that the purchasers "would pay"); *Midas Muffler Shop v. Ellison*, 650 P.2d 496 (Ariz. Ct. App. 1982) (collection agency's conduct, consisting of making six phone calls over three-month period and using abusive language resulting in debtor being upset, crying, and having difficulty sleeping, were not sufficient as a matter of law to sustain action for intentional infliction of emotional distress; cited with approval by *Gable* court).

BAC sent a baseless letter and filed a baseless lawsuit and then, roughly two months later, dismissed it. The Court believes that this act, while certainly troubling, was not beyond the bounds of decency. On this point, *Hukic v. Aurora Loan Services*, 588 F.3d 420 (7th Cir. 2009), although applying Illinois law, is somewhat instructive. In *Hukic*, a loan servicer failed to properly apply the plaintiff's mortgage payments and incorrectly reported the loan as delinquent. *Id*. at 438. The Seventh Circuit dismissed plaintiff's IIED claim, stating "none of the conduct alleged in the complaint. . . rises to the level of 'extreme and outrageous' conduct that would be

5

sufficient to support a claim under Illinois law." *Id*. at 438-39. Moreover, the Court is wary of allowing, in essence, a lawsuit alone to serve as the linchpin of an IIED claim. S*ee, e.g., Heim v. California Federal Bank*, 828 A.2d 129, 142 (Conn. App. Ct. 2003) (law firm's conduct in filing foreclosure lawsuit on behalf of client without a deed to premises, refusing to resolve matters, withholding certain documents, sending letter to plaintiff containing falsehoods, and generally ignoring plaintiff did not rise to the level of extreme and outrageous conduct; "[t]he act of filing a lawsuit, even if wrongfully motivated, does not transgress the bounds of socially tolerable behavior or make the average member of the community raise their hand and exclaim, 'Outrageous!'."). In this case, by the time BAC filed suit, Plaintiffs no longer had an interest in the property at issue and had moved to Florida. Thus, Plaintiffs were not at risk of being wrongfully ejected from their home.

  The circumstances in the present case are distinguishable from those found in the key case relied upon by Plaintiffs. In *CitiFinancial v. Frasure*, 2008 WL 2199496 (N.D. Okla. May 23, 2008), the lenders' employees called the borrowers six to ten times a day over the course of two and a half years and personally visited the homeowners and screamed in their front yard, took measurements of the house, and threatened to foreclose on the house. *Id*. at *3-4. The lender inexplicably continued its antics even after the county sheriff notified it that it did not hold a security interest in the property. *Id*. No similar outrageous facts are present here. Far from condoning BAC's haphazard conduct, the Court is nonetheless convinced that such conduct does not rise to the level of IIED. Accordingly, the Court **GRANTS** BAC's Motion to Dismiss with respect to Plaintiffs' IIED claim.

C.  **Wrongful Use of Civil Proceedings (Count F)**

To succeed on a claim for wrongful use of civil proceedings, a plaintiff must prove: (1) the defendant instituted, or caused to be instituted, an action against the plaintiff; (2) the defendant acted maliciously in doing so; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor. *Wilsey v. Peoples Federal Savings & Loan Ass'n of East Chicago*, 529 N.E.2d 1199, 1205 (Ind. Ct. App. 1988) (citation omitted). Elements (1), (3), and (4) are relatively easy to glean from the Plaintiffs' Amended Complaint. Element (2), on the other hand, is more problematic. In the Amended Complaint, Plaintiffs effectively allege that BAC filed a foreclosure suit without cause and without an investigation, and then failed to dismiss it in a timely fashion, even after repeated complaints by Plaintiffs.

While Plaintiffs' allegations show that BAC may have had shoddy procedural protections and poor customer service, the allegations do not smack of malice. Significantly, a mere negligent failure to investigate the factual bases of a claim, without more, does not satisfy the "malice" requirement. *Mirka v. Fairfield of America, Inc.*, 627 N.E.2d 449, 451-52 (Ind. Ct. App. 1994). *Id*. at 451-52 (affirming dismissal of claim for wrongful use of civil proceedings where plaintiff alleged that defendant failed to make a reasonable investigation, refusing to recognize cause of action for negligent prosecution); *see also Landau & Pinkus v. Hansen*, 874 N.E.2d 1065, 1075 (Ind. Ct. App. 2007) (noting that a malicious prosecution claim is separate and distinct from a claim based on a frivolous or groundless lawsuit because only malicious prosecution "requires a finding of malice."). It is true, as Plaintiffs emphasize, that malice may be inferred from a *culpable* failed inquiry. *Mirka*, 627 N.E.2d at 451. However, before a failure

7

to inquire can be considered evidence of malice, it "must be linked to evidence" that the failure itself was done with the requisite level of culpability – "here malice." *Id*. at 451 n.5.

Accepting the well pleaded allegations in the Amended Complaint as true, BAC filed a groundless case without doing its homework and then dismissed it two months later. To be sure, a mortgage servicer has considerable power to wreak havoc on a person's life and BAC's apparent willingness to file lawsuits in a cavalier fashion is troubling, to put it charitably. Nonetheless, the Court is convinced that BAC's conduct sounds in negligence – not malice. After all, the notion that malice drove BAC to agree to a short sale extinguishing Plaintiffs' debt, only to then file a baseless suit (and dismiss it two months later), strikes the Court as implausible. Accordingly, Plaintiffs have failed to state a viable claim for wrongful use of civil proceedings. The Court **GRANTS** BAC's Motion to Dismiss with respect to Plaintiffs' claim for wrongful use of civil proceedings.

## IV. CONCLUSION

For the reasons set forth above, BAC's Motion to Dismiss Counts C through F (Dkt. 26) is **GRANTED**. Plaintiffs' claims for violations of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act remain.

SO ORDERED: 4/21/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Copies to:

**Neal F. Bailen**
STITES & HARBISON, LLP
nbailen@stites.com,cisaacs@stites.com,chammett@stites.com

**Douglas B. Bates**
STITES & HARBISON, LLP
dbates@stites.com,nbolin@stites.com,mbaugh@stites.com

**Robert E. Duff**
INDIANA CONSUMER LAW GROUP
robert@robertdufflaw.com,tammie@robertdufflaw.com

**J Spencer Harmon**
STITES & HARBISON, LLP
sharmon@stites.com,mshea@stites.com