UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LUDA CHRISTINE HAYWARD LEFORGE, and DAVID L. LEFORGE, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 1:10-cv-859-TWP-DKL |
| BAC HOME LOANS SERVICING, LP, ) ) | |
| Defendant. ) | |

## ENTRY DISCUSSING PENDING MOTIONS

### I.   PROCEDURAL BACKGROUND

This matter is before the Court on two motions filed by plaintiffs Luda Hayward Leforge and David L. Leforge ("the Plaintiffs") – their Motion for Sanctions filed on May 10, 2012 (Dkt. 87), and their Motion for Relief Pursuant to Rules 60(b) and 60(d)(3) of the Federal Rules of Civil Procedure and Motion to Amend the Complaint (Dkt. 90). Importantly, this action was dismissed with prejudice on March 30, 2012 through the filing of the parties' stipulation of dismissal (Dkt. 82). Thereafter, on April 23, 2012, the Plaintiffs filed a notice titled False Stipulation of Dismissal. In response, the Court filed an Entry which stated "the plaintiffs were notified of this action, that this action was properly placed on the clerk's docket, and that the plaintiffs had and have all post-judgment remedies available under the Federal Rules of Civil Procedure."

### II.   DISCUSSION

A.   **Motion for Sanctions**

The Plaintiffs' Motion for Sanctions rests on Rule 11 of the Federal Rules of Civil Procedure and on the Court's inherent authority to impose sanctions for misconduct. Rule

11(c)(2) provides that a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . ." This 21-day safe harbor provision "is not merely an empty formality." *Divane v. Krull Elec. Co.,* 200 F.3d 1020, 1026 (7th Cir. 1999). Because the Plaintiffs have not shown their compliance with this provision, the motion for sanctions must be denied insofar as it rests on an asserted violation of Rule 11.

As the other asserted source of authority for the sanctions sought by the Plaintiffs, the Supreme Court ruled in *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991), that a district court has the inherent power to "fashion [ ] appropriate sanction[s] for conduct which abuses the judicial process." Sanctions are "appropriate where the offender has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Salmeron v. Enterprise Recovery Systems, Inc.*, 579 F.3d 787, 793 (7th Cir. 2009). The Plaintiffs' motion for sanctions asserts that counsel for the Defendant, BAC Home Loans Servicing, LLP ("BAC"), committed a fraud upon the court, but this argument is unpersuasive in light of the high standard which has been set for imposing sanctions based on the court's inherent authority. The motion for sanctions must therefore also be denied insofar as it rests on the Plaintiffs' effort to invoke the Court's inherent authority to impose sanctions.

The Motion for Sanctions (Dkt. 87) is **DENIED.**

**B.     Motion for Relief**

The motion for relief from judgment is brought pursuant to Rule 60(b) and Rule 60(d)(3) of the Federal Rules of Civil Procedure. A motion for relief from judgment pursuant to Rule 60(b) permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud. *American Federation of Grain*

*Millers, Local 24 v. Cargill Inc.,* 15 F.3d 726, 728 (7th Cir. 1994).  It also authorizes relief for "any other reason justifying relief from the operation of the judgment."  Rule 60(b)(6), Fed. Rule Civ. Proc.  Rule 60(b) is an extraordinary remedy that affords relief only in exceptional circumstances, *see Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *Willis v. Lepine*, 687 F.3d 826, 833 (7th Cir. 2012); *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010).

> Rule 60(d)(3) provides that Rule 60(b)
>
> does not limit a court's power to: (3) set aside a judgment for fraud on the court. A finding of fraud on the court is justified only by the most egregious misconduct directed to the court itself, such as bribery of a judge or jury or fabrication of evidence by counsel, [citations] and must be supported by clear, unequivocal and convincing evidence.

*In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions ("Phizer"),* 538 F.2d 180, 195 (8th Cir. 1976), *cert. denied,* 429 U.S. 1040 (1977).

The Rule 60(b) argument presented by the Plaintiffs is cloaked with the claim for fraud (Rule 60(b)(3)), but is supported with their tale of how, from their perspective, the settlement agreement was breached by BAC.  Courts disfavor attempts to convert breach of contract claims into fraud claims.  *All–Tech Telecom, Inc. v. Amway Corp.,* 174 F.3d 862, 865 (7th Cir. 1999).  Far more significant, however, the Seventh Circuit has explained that when a suit is dismissed with prejudice the case "is gone" and the district court cannot reopen the case to revisit whether the parties honored their obligations under a settlement agreement.  *See Dupuy v. McEwen,* 495 F.3d 807, 809 (7th Cir. 2007).  Thus,

> We know from *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 380-81, 114 S. Ct. 1673, 128 L.Ed.2d 391 (1994), that a district court does not have jurisdiction to enforce a settlement agreement merely because the agreement was the premise of the court's dismissal of the suit that the agreement settled. And therefore, as we explained in *Lynch v. SamataMason, Inc.,* 279 F.3d 487, 489 (7th Cir. 2002), a district judge cannot dismiss a suit with prejudice, thus terminating federal jurisdiction, yet at the same time retain jurisdiction to enforce the parties' settlement that led to the dismissal with prejudice.

3

*Shapo v. Engle*, 463 F.3d 641, 643 (7th Cir. 2006). Jurisdiction to enforce a settlement agreement may be explicitly retained by the district court in the original matter if the action is dismissed without prejudice, *id.* at 646, but that did not occur here.

The Plaintiffs' remedy for a breach of the settlement agreement is to bring an action for breach of contract in state court – "a state claim belonging in state court." *Ventre v. Datronic Rental Corp.* 482 Fed.Appx. 165, 169 (7th Cir. May 31, 2012) (citing *Kokkonen,* 511 U.S. at 381–82 and other cases). This Court is without jurisdiction to conclude or act otherwise. Subject-matter jurisdiction is a synonym for adjudicatory competence. *Morrison v. National Australia Bank Ltd.,* 130 S. Ct. 2869, 2876–77 (2010). That power is absent in the circumstances of this case as to the motion for relief from judgment pursuant to Rule 60(b).

As to Rule 60(d)(3), an indispensable element is that the fraud "prevented a party from presenting his case." *George P. Reintjes Co. v. Riley Stoker Corp.,* 71 F.3d 44, 48 (1st Cir. 1995) (citing *Chicago, R.I. & P. Ry. v. Callicotte,* 267 F. 799, 810 (8th Cir. 1920)). "The term refers to conduct more egregious than anything here, conduct that might be thought to corrupt the judicial process itself, as where a party bribes a judge or inserts bogus documents into the record." *Oxxford Clothes XX, Inc. v. Expeditors Int'l of Wash., Inc.,* 127 F.3d 574, 578 (7th Cir. 1997). Therefore, the Motion for Relief must be denied.

**C.     Motion for Leave to Amend Complaint**

Finally**,** the Plaintiffs seek leave to file an amended complaint. After judgment is entered, a complaint can only be amended with "leave of court" and after a successful Rule 59(e) or Rule 60(b) motion. *Amendola v. Bayer*, 907 F.2d 760, 765 n.5 (7th Cir. 1990). Here, the Rule 60(b) motion has failed, and thus the motion for leave to amend must be denied. *Weiss v.*

*Cooley*, 230 F.3d 1027, 1034 (7th Cir. 2000) ("[A] party cannot request leave to amend following a final judgment unless that judgment has been vacated.").

### IV.  CONCLUSION

Based on the foregoing, therefore, the Motion for Sanctions (Dkt. 87) and the Motion for Relief Pursuant to Rules 60(b) and 60(d)(3) of the Federal Rules of Civil Procedure and to Amend the Complaint (Dkt. 90) are each **DENIED.**

**SO ORDERED.**

Date:  03/27/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Divina K. Westerfield
WESTERFIELD & ASSOCIATES
attorney@suethebanker.com

Douglas B. Bates
STITES & HARBISON, LLP
dbates@stites.com

J. Spencer Harmon
STITES & HARBISON, LLP
sharmon@stites.com

Neal F. Bailen
STITES & HARBISON, LLP
nbailen@stites.com