UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LUDA CHRISTINE HAYWARD LEFORGE, <br> DAVID L. LEFORGE, <br><br> Plaintiffs, <br><br> vs. <br><br> BAC HOME LOANS SERVICING, LP, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) )     No. 1:10-cv-00859-TWP-DKL |

### REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs' Motion to Order Settlement Paid to Court. [Dkt. 103.] The Honorable Tanya Walton Pratt, District Judge, designated this Magistrate Judge, under Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), to issue a report and recommendation on the request. [Dkt. 106.] For the reasons set forth below, the undersigned recommends the Motion be **DENIED**.

### I. BACKGROUND

This action alleged violations of the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA"). It was dismissed with prejudice on March 30, 2012 through the filing of the parties' stipulation of dismissal. [Dkt. 82.] Plaintiffs' counsel alleges Defendant, BAC Home Loans Services, LP, has "offered many times to send the amount offered pursuant to the settlement agreement, but the Client (the LeForges) have refused to permit Attorney Westerfield to accept said payment." [Dkt. 103 at 1.] Plaintiffs' counsel requests that the Court order Defendant to either pay

the settlement amount to the Court, or to Plaintiffs' counsel's IOLTA Trust Account. *Id.* Defendant does not object to Plaintiffs' motion. [Dkt. 105.]

## II. DISCUSSION

This case is closed. It was dismissed with prejudice more than a year ago. Plaintiffs' counsel, in essence, is asking the Court to enforce the parties' settlement agreement and order Defendant to issue a check to either the Court or to her attorney trust account. But even though Defendant does not object to Plaintiffs' counsel's request, this Court no longer has jurisdiction over this dispute.

A district court is the "supervisor of the litigation," and the court "may summarily enforce a settlement agreement." *Hakim v. Payco–General Am. Credits, Inc.,* 272 F.3d 932, 936 (7th Cir. 2001). However, in order to enforce a settlement agreement, the court must either have retained jurisdiction to enforce the agreement or possess an independent basis for federal subject matter jurisdiction with respect to disputes regarding the agreement. Neither requirement is satisfied here.

In general, a court retains jurisdiction over a settled and dismissed case "if the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Bond v. Utreras,* 585 F.3d 1061, 1079 (7th Cir.2009) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 381, (1994)). Retaining jurisdiction over the enforcement of a settlement agreement does not require a district court to use "any magic form of words" and instead "[a]ll that is necessary is

2

that it be possible to infer that [the court] did intend to retain jurisdiction." *In re VMS Sec. Litig.,* 103 F.3d 1317, 1321 (7th Cir. 1996) (quoting *McCall–Bey v. Franzen,* 777 F.2d 1178, 1188 (7th Cir.1985)). *See also Ford v. Neese,* 119 F.3d 560, 561–62 (7th Cir. 1997) (holding that a district court adequately stated its intention to retain jurisdiction to enforce a settlement agreement by "dismissing the suit 'without prejudice to reinstatement in the event that ...' " the terms of the settlement were not honored by the parties). Here there is nothing in the record of this case to suggest the Court intended to retain jurisdiction to enforce the settlement between the parties. The matter was dismissed with prejudice. Therefore, the Court concludes that it did not retain jurisdiction to enforce the settlement agreement.

There also does not appear to be an independent basis for federal subject matter jurisdiction. Federal courts have original subject matter jurisdiction in cases in which there is complete diversity of citizenship among the parties to an action and in which an amount in excess of $75,000, exclusive of interest and costs, is in controversy. *See* 28 U.S.C. § 1332(a)(1). Here, while the parties may be diverse, the amount in controversy is less than $75,000. A violation of the settlement agreement in this case would constitute a breach of contract remediable under state but not federal law, and therefore only in state court.[1] *See McCall-Bey v. Franzen*, 777 F.2d 1178, 1185 (7th Cir. 1985). Because the Court does not have subject matter jurisdiction as to the dispute concerning the settlement agreement, it must deny the motion.

---

[1] There appears to be a fee dispute between Plaintiffs and Plaintiffs' counsel. Because this case is closed, and independent federal subject matter jurisdiction does not exist, this issue must be resolved in state court.

3

### III. CONCLUSION

Based on the foregoing, the undersigned recommends the Court **DENY** Plaintiffs' Motion to Order Settlement Paid to Court. [Dkt. 103.]

### Notice Regarding Objections

Within fourteen days of being served with a copy of this recommendation, either party may serve and file specific written objections thereto. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2). A district judge shall make a *de novo* determination of those portions of the recommendation to which objections are made. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3). If objections are filed, the opposing party may serve a response within fourteen days of the date the objections are filed. The objecting party shall then have seven days to reply, if desired.

Failure to file an objection might result in forfeiture of the right to *de novo* determination by a district judge and to review by the court of appeals of any portion of the recommendation to which an objection was not filed. *Tumminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011); *United States v. Pineda-Buenaventura*, 622 F.3d 761, 777 (7th Cir. 2010); *Schur v. L. A. Weight Loss Centers, Inc.*, 577 F.3d 752, 761 n. 7 (7th Cir. 2009); *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000); *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Date: 10/01/2013

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Douglas B. Bates
STITES & HARBISON, LLP
dbates@stites.com

J Spencer Harmon
STITES & HARBISON, LLP
sharmon@stites.com

Neal F. Bailen
STITES & HARBISON, LLP
nbailen@stites.com

Divina K. Westerfield
WESTERFIELD & ASSOCIATES
attorney@suethebanker.com